In the Matter of G. Francis AUTMAN, Jr., a member of the Bar of the State of Delaware.

Supreme Court of Delaware.

Argued Nov. 13, 1974.

Decided Jan. 13, 1975.

Nicholas H. Rodriguez, Dover, for the Censor Committee.

Respondent appeared pro se.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM:

The Censor Committee of this Court has recommended disciplinary action against the respondent, G. Francis Autman, Jr., a member of the Delaware Bar, upon the basis of its findings of fact and conclusions of law, as follows:

I.

"1. On or about June 1969, G. Francis Autman, Jr., a member of the Bar of the Supreme Court of Delaware, was retained by Betty Gutgsell in connection with an adverse custody decision of the Family Court for Kent County, and in connection with that retainer, Mr. Aut-

man undertook to take an appeal to the Superior Court of Kent County from such decision.

"2. G. Francis Autman, Jr., failed to perfect said appeal when he was retained to do so and stated he would do so.

"3. In his representation of Betty Gutgsell from mid-1969 until her discovery otherwise in the fall of 1970 by inquiry of personnel of the Family Court, G. Francis Autman, Jr., inaccurately described the case to his client as then pending on appeal when in fact no appeal had been perfected, thereby misleading his client into thinking an appeal was pending in the Superior Court.

"4. During the period described in paragraph 3, G. Francis Autman, Jr., advised his client that a reason for the delay in a hearing upon the appeal was the congested condition of the Superior Court calendar.

"5. Such misrepresentations were compounded by G. Francis Autman, Jr., when he testified before the Censor Committee, at the Committee's hearing of this case pursuant to Rule to Show Cause, that he had never been charged with taking an appeal by Betty Gutgsell but, rather, had all along been contemplating filing a new action in Family Court based on changed conditions.

"6. Throughout his representation of Betty Gutgsell, including the period following the fall of 1970 until Betty Gutgsell's termination of his employment in the fall of 1971, G. Francis Autman, Jr., failed to communicate sufficiently with his client, thereby contributing to the ineffective prosecution of the cause at any stage.

"7. On or about September 14, 1970, in Case No. 209 of this Committee instituted upon the complaint of Mr. James M. Boone, Jr., G. Francis Autman, Jr., was privately admonished by the Com-

mittee, upon the basis of the preliminary report and investigation in that matter and without a hearing, because it appeared that Mr. Autman was dilatory and negligent in handling the affairs of his client and in failing to communicate with his client as he should, and that admonishment by the Committee was not challenged.

\* \* \* \* \* \*

## "CONCLUSIONS OF LAW

"The foregoing actions and failure to act constitute unethical conduct in that G. Francis Autman, Jr.:

"(1) Violated Disciplinary Rule 7–101(A)(2) \* by failing to carry out his contract of employment.

"(2) Violated Disciplinary Rule 6–101(A)(3) \*\* by neglecting a legal matter entrusted to him.

"(3) Violated Disciplinary Rule 1–102(A)(4) \*\*\* by engaging in conduct involving deceit or misrepresentation."

## II.

"1. A short time subsequent to January 10, 1970, G. Francis Autman, Jr. was retained by David S. Reid, III, to represent him, his wife and his son in connection with an accident resulting in serious injury to the son, David S. Reid, IV.

"2. In the course of the representation of the Reids by Mr. Autman, suit was filed in the Superior Court of the State of Delaware, in and for Sussex County, on January 10, 1972. Subsequent to the filing of the Complaint an Answer was filed on behalf of the named defendants and subsequently Interrogatories were propounded to the Reids through Mr. Autman on January 24, 1972.

"3. The information requested by Mr. Autman from Mr. Reid for the preparation of the Answers to the Interrogatories was promptly supplied by Mr. Reid to Mr. Autman.

"4. An extension of time to answer the Interrogatories was granted for an additional fifteen day period by Stipulation dated February 8, 1972.

"5. A Motion was properly noticed and filed by opposing counsel on Mr. Autman to compel Answers to Interrogatories on July 21, 1972. Pursuant to the Motion to compel answers the Court entered an Order dated July 21, 1972, directing Answers to Interrogatories to be filed on or before August 4, 1972. Mr. Autman had knowledge of this order.

"6. No Answers to Interrogatories were prepared and filed by Mr. Autman, as a result of which the Court entered an Order of Dismissal against the Reids on October 2, 1972. Mr. Autman had knowledge of the Order of Dismissal on or about the date of entry.

"7. From the time the information was provided to Mr. Autman by Mr. Reid to answer the Interrogatories, efforts were made by Mr. Reid to communicate with Mr. Autman to determine what the status of the case was. These efforts were futile with Mr. Reid receiving no communication from Mr. Autman and being unable to telephone Mr. Aut-

---

\* DR 7–101(A)(2), Del.C.Ann. provides:
"(A) A lawyer shall not intentionally:
\* \* \* \* \*
"(2) Fail to carry out a contract of employment entered into with a client for professional services, \* \* \*."

\*\* DR 6–101(A)(3) provides:
"(A) A lawyer shall not:

\* \* \* \* \*
"(3) Neglect a legal matter entrusted to him."

\*\*\* DR 1–102(A)(4) provides:
"(A) A lawyer shall not:
\* \* \* \* \*
"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

man or meet with him personally at the office.

"8. It was not until September 1973, that Mr. Reid learned through new counsel that his suit had been dismissed for failure of Mr. Autman to have prepared and filed the necessary Answers to Interrogatories. Mr. Autman knowingly failed to communicate this fact to Mr. Reid.

"CONCLUSIONS OF LAW

"The foregoing actions and failure to act and failure to communicate and advise constitute unethical conduct in that G. Francis Autman, Jr., violated Disciplinary Rule 6–101(A)(3) by neglecting a legal matter entrusted to him."

III.

"1. On or about January 5, 1973, Leonard Ingram was sentenced by the Superior Court on a felony charge for which he had been found guilty in a jury trial in December of 1972. Within a few days after the sentencing of Leonard Ingram, G. Francis Autman, Jr. was engaged to represent Mr. Ingram in an appeal for which, on January 22, 1973, he was paid the sum of $1,000.00 on behalf of Mr. Ingram by his fiance, Deborah Hatton, and thereafter allegedly undertook to represent Mr. Ingram.

"2. Shortly before January 22, 1973, G. Francis Autman, Jr. personally interviewed Mr. Ingram at the State Prison near Smyrna, Delaware. Thereafter, an investigator employed by Mr. Autman interviewed Mr. Ingram.

"3. From the date Mr. Autman was retained until early July, 1973, with the exception of the two interviews described above, Mr. Autman did not communicate with Mr. Ingram in person, by telephone or by letter despite numerous requests made by Mr. Ingram to Mr.

Autman's office, both by telephone and by mail and through efforts by his fiance. The appeal to be filed by Mr. Autman was not timely filed and no appeal Briefs have ever been filed in support of the appeal.

"4. In early June of 1973, Mr. Autman's then partner, Robert T. Barrett, undertook the representation of Mr. Ingram and continues in such representation.

"CONCLUSIONS OF LAW

"The foregoing actions and failure to act constitute unethical conduct in that G. Francis Autman, Jr. violated Disciplinary Rule 6–101(A)(3) by neglecting a legal matter entrusted to him."

IV.

The respondent filed no exceptions to the Report of the Censor Committee.

V.

Upon the return of a rule to show cause, if any there be, why he should not be subjected to disciplinary action by this Court, as recommended by the Censor Committee, the Court heard the respondent's oral statement and considered his written statement.

VI.

We accept the findings of fact made by the Censor Committee and agree with its conclusions of law that the respondent has been guilty of unprofessional conduct in that he has violated the specified Disciplinary Rules of the Delaware Lawyer's Code of Professional Responsibility.

Upon due consideration of the Report of the Censor Committee and the oral and written statements of the respondent, it is adjudged and ordered that the respondent be disciplined as follows:

(1) That the respondent be suspended from any and all activity as a member of

the Delaware Bar for a period of six months, commencing on the 1st day of February, 1975, and ending on the 1st day of August, 1975; and

(2) That during such period of suspension, the respondent shall not (a) engage in the practice of law, or (b) share in any legal fees arising from clients or cases referred by the respondent during the period of suspension to any other attorney, or (c) share in any legal fees earned for services by others during such period of suspension; and

(3) That the respondent shall arrange for another member of the Delaware Bar to protect the interests of the respondent's clients during the period of suspension; and shall submit to this Court on or before January 24, 1975, a certificate of compliance with this paragraph, co-signed by the attorney who has undertaken the said assignment.